NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS J. LEDUC,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-6962

D.C. No.
3:23-cv-06188-GJL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge, Presiding

Submitted February 5, 2026[**]
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.

Plaintiff-Appellant Dennis J. LeDuc appeals the district court's order

affirming the Social Security Commissioner's denial of his application for benefits.

Because the parties are familiar with the facts, we do not recount them here. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's decision affirming the denial of benefits de novo, and the denial of benefits for substantial evidence or legal error. *Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022). We affirm.

1. LeDuc challenges the Administrative Law Judge's (ALJ) evaluation of three medical opinions. We conclude that the ALJ's findings are supported by substantial evidence because he assigned more weight to those opinions that were well-supported and consistent with the objective medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

a. The ALJ reasonably gave little weight to the post hoc written reports of LeDuc's primary care provider, Dr. Thomas R. Cooke, DO. "[I]f the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record," which "can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725 (citation modified). The ALJ provided specific, legitimate reasons that were supported by substantial evidence for assigning little weight to Dr. Cooke's later written reports because they were contradicted by his contemporaneous treatment notes and the other medical evidence in the record.

b. The ALJ reasonably gave substantial weight to the medical expert testimony of Dr. Michael Buckwalter, MD.[1]  The ALJ articulated his reasons for finding this testimony was entitled to substantial weight when considering LeDuc's functional limitations because Dr. Buckwalter's opinion was well-supported and generally consistent with the medical record.  The ALJ also modified Dr. Buckwalter's opinion to reflect his weighing of LeDuc's ability to engage in postural activities, which reflects that the ALJ reasonably weighed the testimony.

c. Substantial evidence supports the ALJ's finding that the medical expert testimony of Dr. Steven Golub, MD was entitled to substantial weight because it was supported and consistent with the medical record from LeDuc's 2011 emergency room visit.  The ALJ also reasonably gave Dr. Golub's opinion less weight than he gave to Dr. Buckwalter's opinion because it did not relate to LeDuc's functional capacity during the time at issue.

2.     LeDuc argues the ALJ erred by rejecting his testimony about the severity of his symptoms.  We disagree.  The ALJ was allowed to discount LeDuc's "testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so."  *Garrison v. Colvin*, 759 F.3d 995, 1014–15

---

[1]     LeDuc argues that Social Security Ruling 18-1p is relevant to this analysis. We agree with the Commissioner that the ruling is inapplicable here because the ALJ concluded that LeDuc was not disabled.  SSR 18-1p applies to the agency's determination of the established onset date of a disability once a claimant is found to be disabled.

(9th Cir. 2014) (citation modified). "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

First, as explained, the ALJ did not err in his assessment of the medical opinions in the record. Second, the ALJ provided specific, clear, and convincing reasons for discounting LeDuc's testimony, which conflicted with the objective medical evidence in the record, including his primary care provider's contemporaneous visit notes. This contradiction between the medical evidence and LeDuc's testimony was "a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle*, 533 F.3d at 1161.

3.      The ALJ also permissibly discounted lay witness testimony of LeDuc's friend. An ALJ "must give reasons that are germane to each witness" in order to disregard competent lay witness testimony. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (citation modified); *see also* 20 C.F.R. 404.1527(f)(2). Here, the ALJ satisfied that requirement. He "carefully considered" LeDuc's friend's report, but because its description of LeDuc's extreme abdominal pain conflicted with the contemporaneous records of LeDuc's visits with his primary care provider, the ALJ provided a germane reason to discount the lay witness testimony.

4.      LeDuc's arguments concerning the ALJ's assessment of his residual

functional capacity are derivative of those we have already rejected. We reject them for the same reasons. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (rejecting claimant's step five challenge where she "simply restate[d] her argument that the ALJ's RFC finding did not account for all her limitations").

**AFFIRMED.**